IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORMA ROBINSON and ) <br> NORMANZ ROBINSON, ) <br> Individually and on behalf of others ) <br> similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TOMY GROUP ATLANTA LLC and ) <br> TAMER NABIL, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. _____ <br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Norma Robinson and Normanz Robinson (hereinafter collectively "Plaintiffs") who file this lawsuit against Defendants Tomy Group Atlanta LLC and Tamer Nabil (hereinafter collectively "Defendants"), and show the following:

### Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

1

Defendants' failure to pay federally mandated wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Tomy Group Atlanta LLC is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 4330 Fulton Industrial Boulevard, Atlanta, Georgia 30336. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

6.

Plaintiffs were residents of the State of Georgia during the relevant time period.

7.

Defendant Tomy Group Atlanta LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Tamer Nabil, 4330 Fulton Industrial Boulevard, Atlanta, Georgia 30336.

8.

Defendant Tamer Nabil may be served with process by delivering a copy of the summons and complaint to his work address at 4330 Fulton Industrial Boulevard, Atlanta, Georgia 30336.

## Factual Allegations

9.

Tomy Group Atlanta LLC operates the Fairview Inn hotel at 4330 Fulton Industrial Boulevard, Atlanta, Georgia 30336.

10.

Plaintiffs have been employed at the Fairview Inn during the three years prior to the filing of this lawsuit.

11.

Plaintiffs and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former employees of Defendant Tomy Group Atlanta LLC within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.

Plaintiff Norma Robinson was hired as a housekeeper at the Fairview Inn in July 2013.  She was required to live on site at the hotel and pay rent for her room.  Ms. Robinson was told that she would be terminated if she refused to live on site.

13.

Ms. Robinson generally worked six days per week, 12 hours per day, for a total of 72 hours per week.  She was paid $290 per week before rent was subtracted, leaving her a net amount of $150 per week.  Ms. Robinson was terminated on February 17, 2014.

14.

Plaintiff Normanz Robinson was hired as a custodian at the Fairview Inn in August 2013.  He was required to live on site at the hotel and pay rent for his room.  Mr. Robinson was also told that he would be terminated if he refused to live on site.

15.

Mr. Robinson generally worked six days per week, 9 hours per day, for a total of 54 hours per week.  He was paid $240 per week before rent was subtracted, leaving a net amount of $100 per week.  Mr. Robinson was terminated on February 1, 2014.

16.

29 C.F.R. § 531.32(c) states that "under § 531.3(d)(1), the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages."

17.

Plaintiffs lived on site for the benefit of the employer as they were available on-call at any time, day or night.

18.

IRC § 1-119.1 (b) states: "[t]he value of lodging furnished to an employee by the employer shall be excluded from the employee's gross income if three tests are met: (1) the lodging is furnished on the business premises of the employer, (2) the lodging is furnished for the convenience of the employer, and (3) the employee is required to accept such lodging as a condition of his employment."

19.

The cost of the lodging furnished to Plaintiffs should have been excluded from their income as it was for the convenience of the employer and Plaintiffs were not allowed to live off-site.

20.

Ms. Robinson worked an estimated 72 hours per week and was paid $150 per week, a total of $2.08 per hour. Thus, she is owed $5.17 per hour for 72 hours per week, a total of $372.24 per week. She is also entitled to overtime for the hours worked over 40 each week. Thus, she is owed an additional $116 per week ($7.25 x 0.5 x 32 hours). Ms. Robinson's total claim for unpaid wages is $488.24 per week for each week she worked at the Fairview Inn.

21.

Mr. Robinson worked an estimated 54 hours per week and was paid $100 per week, a total of $1.85 per hour. Thus, he is owed $5.40 per hour for 54 hours per week, a total of $291.60 per week. He is also entitled to overtime for the hours worked over 40 each week. Thus, he is owed an additional $50.75 per week ($7.25 x 0.5 x 14 hours). Mr. Robinson's total claim for unpaid wages is $342.35 per week for each week he worked at the Fairview Inn.

22.

Plaintiffs worked over forty hours in some weeks they worked for Defendants.

23.

Defendants did not pay Plaintiffs one-and-a-half times their regular rate of

pay when Plaintiffs worked over forty hours in a given workweek.

24.

Defendant Tamer Nabil is the CEO of Tomy Group Atlanta, LLC.

25.

Defendant Nabil had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

26.

Defendant Nabil acts both directly and indirectly in the interest of Tomy Group Atlanta, LLC and was in a supervisory position over Plaintiffs.

27.

Tomy Group Atlanta, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

28.

Defendant Nabil is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

29.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

30.

At all times relevant, Defendant has been, and continues to be, an "employer"

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

31.

At all times relevant, Defendant has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

32.

At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

33.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendant and protect Plaintiffs.

34.

Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

35.

Plaintiffs and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant during the past three years, who have not been

compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

36.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiffs worked.

37.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

38.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)  Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiffs and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiffs' rights and the rights of the FLSA Collective have been violated; and

(D)  Award Plaintiffs and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 15th day of May, 2014.

                                     **THE SHARMAN LAW FIRM LLC**

                                     /s/ Paul J. Sharman
                                     PAUL J. SHARMAN
                                     Georgia State Bar No. 227207

                                     The Sharman Law Firm LLC
                                     11175 Cicero Drive, Suite 100
                                     Alpharetta, GA 30022
                                     Phone: (678) 242-5297
                                     Fax: (678) 802-2129
                                     Email: paul@sharman-law.com

                                     Counsel for Plaintiffs