FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 23 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| NORMA ROBINSON, and | * | |
| NOMANZ ROBINSON, | * | CIVIL ACTION FILE |
| Individually and on behalf of others | * | |
| Similarly situated | * | 1:14-CV-1467 – LMM |
| | * | |
| v. | * | |
| | * | |
| TOMY GROUP ATLANTA, LLC, | * | |
| and Tamer Nabil. | * | |
| | * | |
| Defendants. | * | |

## MOTION TO OPEN DEFAULT OR TO QUASH SERVICE

COMES NOW, TOMY Group Atlanta, LLC and Tamer Nabil, Defendants in the above styled action, and through undersigned counsel, hereby move the Court for Leave to open the default and to have Defendants' Motion to Dismiss considered an Answer in the above referenced case.

Defendant, TOMY Group Atlanta, LLC having been served by process on or about August 1, 2014, having failed to file an Answer or paying costs into the court, filed a Motion to Dismiss according to FRCP 12(b)(6) on November 17, 2014, requests that the Court grant this Motion to Open Default and allow it to file a proper Answer and pay costs into the Court to open the default. Defendant is ready to plead instanter and ready to pay the costs into the court. As demonstrated below, Defendant is ready to put up a meritorious defense to the case as plead in Plaintiffs' Complaint.

Defendant, Tamer Nabil, is a United States B1/B2 Visa holder and is not a resident of Georgia, or any other location in the United States. On December 31, 2014 Defendant's company, TOMY Group of Atlanta, LLC ceased to operate the Fairview Inn,

4330 Fulton Industrial Blvd, Atlanta, GA 30336. Defendant, the owner and Manager of TOMY Group of Atlanta, LLC has not been present in the United States after June 2014. As such, Defendant could not be served with process at his business location, but needed to be served individually and personally. As the service upon Defendant Tamer Nabil was not upon him personally, the Court does not have jurisdiction over Defendant. In the event the Court declines to quash service, Defendant requests that the Court grant the Motion to Open Default. Pursuant to this Motion, Defendant is ready to plead instanter and ready to pay the costs into the court. As demonstrated below, Defendant is ready to put up a meritorious defense to the case as plead in Plaintiff's Complaint.

## ARGUMENT AND CITATION TO AUTHORITY

Pursuant to O.C.G.A. §9-11-55(b) and before judgment is entered, the Court can open default on one of three grounds if four conditions are also met. The three grounds for opening default are: (1) providential cause, (2) excusable neglect (as distinguished from will disregard of the process of the court), and (3) where the judge from all the facts shall determine that a proper case has been made for the default to be opened. However, before the Court can reopen default based on one of these three grounds, four conditions must be satisfied by the movant. These four conditions are: (1) that the Defendant must make a showing under oath that the default should be opened, (2) that the Defendant must show a meritorious defense(s) to claims set forth in Plaintiff's Complaint, (3) the Defendant must offer to plead instanter and (4) the Defendant must announce ready to proceed with trial. See <u>C.W. Matthews Contracting Co. v. Walker</u>, 197 Ga. App. 345, 298 S.E.2d 297 (1990). Essentially, to open a default judgment, a Defendant must file a motion to open default based on one of the three grounds listed above. The motion must

set out, under oath, a meritorious defense to the complaint, a legal excuse for late filing, and payment of costs. *Gowdey v. Rem Assoc.*, 176 Ga. App. 82, 335 S.E.2d 309 (1985).

In the instant case, both defendants were served by an officer leaving the Summons and Complaint at the front desk located at 4330 Fulton Industrial Blvd, Atlanta, GA 30336. Neither of the summons was presented to an officer of the company and as such was not properly handled by employees (i.e., handing the Summons and Complaint to someone responsible for the company or to Tamer Nabil). Defendants were not willfully ignoring the process of the Court. Defendants were unaware of the Complaint until after Defendants were inextricably in default. Defendants filed (although improperly) a Motion to Dismiss pursuant to FRCP 12(b)(6) on November 17, 2014. Said Motion to Dismiss was stricken by Order of the Court and a Hearing was set for February 10, 2015 on Plaintiffs' Motion for Default.

Defendants are willing to plead instanter, pay costs upon order of the Court, and are ready to proceed to trial.

### **Meritorious Defense**

At the hearing, Defendants presented the Manual of East Coast Hotel Partners Management, Inc. (Exhibit 1), The Receipt of Employee Handbook signed by Norma Robinson for the TOMY Group Atlanta, LLC dated January 30, 2014 (Exhibit 2), the Acknowledgement signed by Norma Robinson that employees are able to stay on premises but are not required, and authorizing the deduction of $560 per two week pay period (Exhibit 4). These exhibits are incorporated herein by reference and made a part of this Motion as Exhibits hereto.

Defendants contend that Defendant TOMY Group Atlanta, LLC is not liable to Plaintiffs on the basis of the amount paid to Plaintiff Norma Robinson during her two week employment with TOMY Group Atlanta, LLC, the fact that Normanz Robinson did not work for TOMY Group Atlanta, LLC due to his incarceration in Fulton County Jail on February 1, 2014 on Felony Cocaine Possession charges (drugs that were present at the place of employment with TOMY Group Atlanta, LLC), and the fact that Plaintiff was paid in excess of minimum wage for 40 hours per week (before room charges) even though Defendants contend that Plaintiff did not work in excess of 36 hours per week during the term of her employment with TOMY Group Atlanta, LLC.

Defendants present the affidavit of Tuwanna Allison, the front desk manager during all times of Plaintiff's employment, stating that it was the responsibility of the front desk manager to oversee the housekeeping staff, and further stating that Plaintiff Norma Robinson only worked 30-36 hours a week, due to here expected cleaning of 8-10 rooms per day at 25-30 minutes per room. Plaintiff was never "on call", but rather subject to being called upon to rectify an unsatisfactory condition of a room she had cleaned earlier that day. Affiant further states that neither she, nor any other employee, were required to stay at the hotel as a condition of their employment. A copy of the Affidavit is attached hereto as Defendants Exhibit 8.

Defendants further present the Affidavit of Alicia Lowe, another front desk manager at the hotel during the term of Ms. Robinson's employment, stating that it was the responsibility of the front desk manager to oversee the housekeeping staff, and further stating that Plaintiff Norma Robinson only worked 30-36 hours a week, due to here expected cleaning of 8-10 rooms per day at 25-30 minutes per room. Plaintiff was never

"on call", but rather subject to being called upon to rectify an unsatisfactory condition of a room she had cleaned earlier that day. Affiant further states that neither she, nor any other employee, were required to stay at the hotel as a condition of their employment. A copy of the Affidavit is attached hereto as Defendants Exhibit 9.

Defendants further present the Affidavit of Dorothy Hambrick, a housekeeper at the Fairview employed by TOMY Group, LLC from February 1, 2014 through December 31, 2014, stating that she worked 6 days a week and up to 30-36 hours per week. Affiant further states that she stays at the hotel due to her lack of transportation and for convenience, and that she has the option to stay off site if she wishes. A copy of the affidavit is attached hereto as Defendants Exhibit 10.

Defendants further present the Affidavit of Teresa Bailey , a housekeeper at the Fairview employed by TOMY Group, LLC from February 1, 2014 through December 31, 2014, stating that she worked 6 days a week and up to 30-36 hours per week. Affiant further states that she stays at the hotel for convenience, and that she has the option to stay off site if she wishes. A copy of the affidavit is attached hereto as Defendants Exhibit 11.

Defendants further contend that Plaintiff Norma Robinson only worked for Defendant TOMY Group Atlanta, LLC for only two weeks, that her employment with the previous owner was terminated on January 31, 2015 and that Defendant should have no successor liability for any FLSA violations of Ms. Robinson's previous employer.

Defendants further contend that Plaintiff Norma Robinson signed contracts and employee documentation acknowledging that she was not required to live on the premises

of the hotel as a condition of her employment with TOMY Group Atlanta, LLC. *See* Defendants' Exhibits 1-4.

Defendants further contend that Defendant Tamer Nabil is not liable to Plaintiffs for all the reasons previously enumerated as to TOMY Group Atlanta, LLC, and that Defendant Tamer Nabil is not a putative employer of Norma Robinson or Normanz Robinson. Plaintiffs contend because TOMY Group Atlanta, LLC was responsible for Plaintiff's work hours and conditions, Tamer Nabil, as owner and Manager of TOMY Group Atlanta, LLC should be deemed a putative employer. Clearly more than ownership of one's employer is required for Tamer Nabil to be a putative employer. Plaintiffs have alleged no such required actions, nor that Tamer Nabil was in a position to supervise the housekeeping staff of his company.

## **CONCLUSION**

Defendants should be allowed to defend the present action and meet the conditions required for the Court to be able to Open the Default. It is reasonable that Defendants failed to properly and timely respond to the Summons and Complaint due to the deficiencies of Service of Process in the present case. Defendants have enumerated numerous meritorious defenses to this action, both procedural and evidentiary. Defendants have stated that they are willing to plead instanter, to pay the costs upon order of the Court and that they are willing to proceed to trial.

Should the Court see fit to open the Default, Counsel for Defendant Tamer Nabil is authorized to accept service and defend this action.

WHEREFORE, the Defendants request the Court to Open the Default and to Allow Defendants to Answer the Complaint and pay the costs into the court, or in the alternative to Quash Service on Tamer Nabil as he was not properly served.

Submitted, this 23rd day of February, 2015.

                                              Joseph H. Turner Jr.
                                              Attorney for Defendants
                                              GA Bar 719482

Joseph H. Turner Jr., P.C.
580 Cliftwood Ct NE
Sandy Springs, GA 30328
(770) 480-1939
Fax (404) 935-0580

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon opposing counsel a true and correct copy of the within and foregoing MOTION TO OPEN DEFAULT by depositing a copy of the same in first class mail, with adequate postage affixed thereon, addressed as follows:

Paul Sharman
Sharman Law Firm
1175 Cicero Drive, Ste 100
Alpharetta, GA 30022

**This the 23rd day of February, 2015.**

_____
Joseph H. Turner Jr.

Joseph H. Turner Jr., P.C.
580 Cliftwood Ct NE
Sandy Springs, GA 30328
(770) 480-1939
FAX (404) 935-0580

DEFENDANTS' EXHIBIT 8

AFFIDAVIT OF __Tuwanna Allison__

State of Georgia
Fulton County

The undersigned, __Tuwanna Allison__, being duly sworn, hereby deposes and voluntarily without any prejudices says:

1. I am over the age of 18 and am a resident of the State of Georgia. I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto.
2. I suffer no legal and mental disabilities and have personal knowledge and experience of the facts set forth below.
3. I have been working as a Front Desk Supervisor for Fairview Inn, located at 4330 Fulton Industrial Blvd. Atlanta, GA 30336 for more than two years. I was hired by Tommy Group Atlanta on February 01, 2014 and I worked for them until the day, December 31, 2014, it's management terms expired. I am rehired by the new owner as a Front Desk Supervisor. One of my duties and responsibilities was to monitor House Keepers' job.
4. The hotel guests' checkout time is 11 am and the House Keepers start the job between 10 am and 11 am. They usually clean between 8 to 10 rooms a day. It is the hotel policy to spend 25 min. to clean one room. If customers complain about a given room, it is Front Desk Clark, who calls the House Keeper, who originally cleaned the room to correct the problem so that customers are satisfied. House Keepers usually work 6 days a week and totaling 30 to 35 hours a week.
5. Ms. Norma Robinson was a House Keeper for around two weeks during the time of Tommy Group Atlanta, when I worked as a Front Desk Super. She was terminated as of February 17, 2014 because of unsatisfactory job performance. She used to work around the same hours of 30 to 35 hours per week as other House Keepers did.
6. Ms. Norma Robinson used to stay at the hotel of her own choice as she expressed her lack of transportation and housing accommodations.
7. I personally **chose not to stay** at the hotel and work for the hotel as I live close to the hotel and I have my own dependable transportation and housing accommodations. I knew that I had the option to stay on-site and work for the hotel. However, I chose not to stay at the hotel.

I voluntarily declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this ___18___ day of ___FEB___, 2015.

NOTARY ACKNOWLEDGEMENT

State of Georgia, County of Fulton.

Notary Public

Title (and Rank): Personal Banker

My commission expires: 8/27/17

Sign: S. Allison

G D NDEMERA
Notary Public
Douglas County
State of Georgia
My Commission Expires Aug 27, 2017

DEFENDANTS' EXHIBIT 9

AFFIDAVIT OF Alicia Lowe

State of Georgia
Fulton County

The undersigned, Alicia Lowe, being duly sworn, hereby deposes and voluntarily without any prejudices says:

1. I am over the age of 18 and am a resident of the State of Georgia. I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto.
2. I suffer no legal and mental disabilities and have personal knowledge and experience of the facts set forth below.
3. I have been working as a Front Desk Clark for Fairview Inn, located at 4330 Fulton Industrial Blvd. Atlanta, GA 30336 for more than two years. I was hired by Tommy Group Atlanta on February 01, 2014 and I worked for them the day, December 31, 2014, its management term expired. One of my duties and responsibilities was to monitor House Keepers' job.
4. The hotel guests' checkout time is 11 am and the House Keepers start the job between 10 am and 11 am. They usually clean between 8 to 10 rooms a day. It is the hotel policy to spend 25 min. to clean one room, however, the House Keepers usually spend half an hour to clean a room. If customers complain about a given room, it is Front Desk Clark, who calls the House Keeper, who originally cleaned the room to correct the problem that customers are happy and satisfied. House Keepers usually work 6 days a week and totaling 30 to 35 hours a week.
5. Ms. Norma Robinson was a House Keeper for around two weeks during the time of Tommy Group Atlanta, when I worked as a Front Desk Clark. She was terminated as of February 17, 2014 because of unsatisfactory job performance. She used to work around the same hours of 30 to 35 hours per week as other House Keepers.
6. Ms. Norma Robinson used to stay at the hotel of her own choice as she expressed her lack of transportation and housing.
7. I personally **chose not to stay** at the hotel and work for the hotel as I live close to the hotel and I have my own dependable transportation and housing accommodations. I knew that I had the option to stay on-site and work for the hotel. However, I chose not to stay at the hotel.

I voluntarily declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this 18 day of FEB, 2015.

NOTARY ACKNOWLEDGEMENT

State of Georgia, County of Fulton.

_____     Sing → Alicia K ___
Notary Public
PERSONAL BANKER
Title (and Rank)
My commission expires: 8/27/17

G D NDEMERA
Notary Public
Douglas County
State of Georgia
My Commission Expires Aug 27, 2017

DEFENDANTS' EXHIBIT 10

AFFIDAVIT OF _Dorothy Hambrick_

State of Georgia
Fulton County

The undersigned, _Dorothy Hambrick_, being duly sworn, hereby depo[ses]
voluntarily without any prejudices says:

1. I am over the age of 18 and am a resident of the State of Georgia. I have person[a]l knowl[edge of]
   the facts herein, and if called as a witness, could testify completely thereto.
2. I suffer no legal and mental disabilities and have personal knowledge and exper[i]ence of
   set forth below.
3. I have been working as a House Keeper for Fairview Inn, located at 4330 Fulton [I]ndustria[l,]
   Atlanta, GA 30336 for more than one year. I was hired by Tommy Group Atlanta in Febr[uary]
   2014 and worked for the company until the end of its management terms, which was De[c.]
   31, 2014. I was rehired by the new owner as of January 01, 2015 and currently working a[s a]
   House Keeper for Fairview Inn.
4. The hotel guests' checkout time is 11 am and I as a House Keeper start my job between [ ]
   and 11 am. I clean between 8 to 10 rooms a day. It is the hotel policy to spend 25 min. to [clean]
   one room and I usually spend half an hour to clean a room. I work 6 days a week and tot[al up]
   to 35 hours a week.
5. I stay at the hotel and work for the hotel as it is convenient to me. I understand that I ha[ve the]
   option to stay off-site of the hotel and work for the hotel. However, I asked the hotel
   management to allow me to be at the hotel and I agreed to abide by all the terms and
   conditions of the hotel and the employment policies as I accept my employment at the h[otel.]

I voluntarily declare that, to the best of my knowledge and belief, the information herein [is true,]
correct, and complete.

Executed this ___18___ day of ___Feb___, 2015.

NOTARY ACKNOWLEDGEMENT

State of Georgia, County of Fulton

_____
Notary Public

September

SIGN: _Dorothy Hambrick_

DEFENDANTS' EXHIBIT 11

AFFIDAVIT OF _Teresa Bailey_

**State of Georgia**
**Fulton County**

The undersigned, _Seresa Paula_, being duly sworn, hereby depo[ses] voluntarily without any prejudices says:

1. I am over the age of 18 and am a resident of the State of Georgia. I have personal knowl[edge of] the facts herein, and if called as a witness, could testify completely thereto.
2. I suffer no legal and mental disabilities and have personal knowledge and experience of [facts] set forth below.
3. I have been working as a House Keeper/Laundry Attendant for Fairview Inn, located at 4[...] Fulton Industrial Blvd. Atlanta, GA 30336 for more than one year. I was hired by Tommy Atlanta in February 01, 2014 and worked for the company until the end of its manageme[nt] terms, which was December 31, 2014. I was rehired by the new owner as of January 01, [2015] and currently working as a House Keeper for Fairview Inn.
4. I inspect the room as a supervisor and it is the responsibility of the house Keepers, who c[lean] the room to make sure the cleanliness of the room is acceptable to our hotel standard. T[he] House Keepers may call in if the room is not clean properly to complete the job.
5. The hotel guests' checkout time is 11 am and I as a House Keeper start my job between [9] and 11 am. I clean between 8 to 10 rooms a day. It is the hotel policy to spend 25 min. to [clean] one room and I usually spend half an hour to clean a room. I work 6 days a week and tot[al] to 35 hours a week.
6. I stay at the hotel and work for the hotel as it is convenient to me. I understand that I ha[ve the] option to stay off-site of the hotel and work for the hotel. However, I asked the hotel management to allow me to be at the hotel and I agreed to abide by all the terms and conditions of the hotel and the employment policies as I accept my employment at the h[otel].

I voluntarily declare that, to the best of my knowledge and belief, the information herein [is true,] correct, and complete.

Executed this _21/18_ day of _Feb._, 2015.

NOTARY ACKNOWLEDGEMENT

State of Georgia, County of Fulton.

_____
Notary Public
CARESSA HILLMAN
NOTARY PUBLIC
Paulding County
State of Georgia
My Comm. Expires Oct. 19, 2015